IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**ANTHONY REESE,**

                **Plaintiff,**

                                          Civil Action No. 2:23-cv-00805
                                          Honorable Joseph R. Goodwin

**TODD HANNAH, in his individual capacity;**
**ZACHARY WINTERS, in his individual capacity;**
**THE CITY OF DUNBAR, a political subdivision;**
**and JOHN/JANE DOE, unknown employees or**
**agents of the City of Dunbar,**

                **Defendants.**

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT JUDGMENT AND FOR LEAVE TO <u>FILE ANSWER OUT OF TIME</u>

    Now come Defendants, Todd Hannah, Zachary Winters, and the City of Dunbar, by counsel, Wendy E. Greve, Drannon L. Adkins and the law offices of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, pursuant to Rule 55 of the Federal Rules of Civil Procedure and hereby request that this Honorable Court set aside the Entry Of Default By Clerk and for leave to file their answer out of time. In support of this request, Defendants state and aver as follows:

### PROCEDURAL BACKGROUND

    Plaintiff, Anthony Reese, filed his Complaint on December 21, 2023. <u>ECF No. 1</u>. The Complaint was apparently served on Officer Hannah on December 28, 2023. <u>ECF No. 4</u>. As to Officer Winters, the Complaint was apparently served on the same date. <u>ECF</u>

1

No. 5. The Complaint was apparently served on the City of Dunbar on December 27, 2023. ECF No. 6.

Upon being served, the Individual Defendants contacted the City of Dunbar's Chief of Police, who indicated that the City had been served as well and left the Individual Defendants with the understanding that the City had forwarded the same onto the City's coverage provider. Unfortunately, due to a communications mistake, the City did not transmit the Complaint to the City's coverage provider and this issue went unnoticed until the Clerk's Entry of Default (ECF No. 9) was transmitted to the City.

Thereafter, the City's Coverage provider promptly retained the undersigned to represent the interests of the Defendants. Upon learning of the Entry of Default, the undersigned immediately contacted counsel for the Plaintiff to discuss the Entry of Default. Unfortunately, the Parties were unable to reach an agreement concerning the Entry of Default. Therefore, the Defendants now move to set aside the Entry of Default by Clerk. ECF No. 9.

## LEGAL STANDARD

Rule 55(c) of the Federal Rules of Civil Procedure states that a court "may set aside entry of default for good cause." In assessing a motion to set aside an entry of default, a district court is to consider (1) whether the moving party has a meritorious defense to the action; (2) whether the moving party acted with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) any unfair prejudice to the non-moving party; (5) whether there is a history of dilatory action; and (6) the availability of sanctions less drastic. Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616

2

F.3d 413, 417 (4th Cir. 2010); Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204–05 (4th Cir. 2006).

The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton, 616 F.3d at 417; see also, Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969) ( "any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits"). As such, the "good cause" standard for setting aside an entry of default pursuant to Rule 55(c) is less onerous than the "excusable neglect" standard for setting aside a default judgment pursuant to Rule 60(b). Colleton, 616 F.3d at 420.

## ARGUMENT

The Payne factors support setting aside the Clerk's Entry Of Default. Courts construe the Payne factors liberally and resolve any doubts in favor of allowing the lawsuit to be decided on its merits. Here, Defendants have meritorious defenses against Plaintiff's claims and have responded promptly once they became aware of service of the lawsuit. Defendants have no record of dilatory tactics and there would be no prejudice to Plaintiff if Defendants' Motion were granted, especially considering that this matter was filed recently. Finally, Defendants' failure to respond to the pleadings is excusable because there was a mistaken communication concerning transmittal of the Complaint to the City's coverage provider. As a result, for these reasons and the reasons stated below, Defendants respectfully request that this Court set aside the Clerk's Entry of Default. The Defendants posit that should the Court set aside the Clerk's Entry of Default they are prepared to promptly serve their Answer, which is in the process of being completed.

**A.      Defendants Have Meritorious Defenses**

The first Payne factor considers whether Defendants have a meritorious defense. To demonstrate a meritorious defense, the Court must be presented with evidence "which would permit a finding for the defaulting party, or which would establish a valid counterclaim." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988). However, "the moving party does not have to prove conclusively that he would prevail, only that there is sufficient evidence to permit a court to find in his favor." Wainwright's Vacations, LLC v. Pan Am. Airways Corp., 130 F.Supp.2d 712, 718 (D.Md. 2001). In fact, "[a]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

While the case is in its infancy, the Defendants are likely to interpose a qualified immunity defense.  As the Court is aware, "[q]ualified immunity provides 'an immunity from suit rather than a mere defense to liability[.]'" Cloaninger v. McDevitt, 555 F.3d 324, 330 (4th Cir. 2009). Further, "[a] government official is entitled to qualified immunity from civil damages for performing discretionary functions when his 'conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " Taylor v. Waters, 81 F.3d at 433 (1996) (*quoting* Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

As the undersigned was only recently retained, investigation of the claims may reveal the presence of other defenses, such as the intra-corporate conspiracy doctrine,

the West Virginia Governmental Tort Claims and Insurance Reform Act, the <u>Heck v. Humphrey</u> bar, and other such defenses.

Therefore, Defendants have meritorious defenses to Plaintiff's claims, and the Court should set aside the Clerk's Entry of Default.

**B.     The Defendants were Reasonably Prompt in Filing Their Motion**

The second <u>Payne</u> factor, reasonable promptness, dictates that the Court should grant a defaulting party relief when the party "acts with reasonable diligence in seeking to set aside the default ..." <u>Moradi</u>, 673 F.2d at 727. Additionally, reasonable promptness should be viewed "in light of the facts and circumstances of each occasion ..." <u>Id</u>. In this case, Defendants discovered that the Complaint had not been transmitted to the City's coverage carrier until receiving the Clerk's Entry of Default.  The Defendants promptly transmitted the Complaint to the coverage provider, who retained counsel for the Defendants, and the undersigned engaged Plaintiff's counsel in discussions concerning the entry of Default—all within mere days of discovering that the Complaint had not been forwarded to the coverage provider.

Courts have set aside defaults even when the defaulting party delayed its appearance for much longer periods. *See, e.g.*, <u>Lolatchy v. Arthur Murray, Inc.</u>, 816 F.2d 951, 952-954 (4th Cir. 1987) (allowing case to be heard on merits although moving party delayed ten months before filing its motion to set aside default); <u>Vick v. Wong</u>, 263 F.R.D. 325, 330 (E.D.Va. 2009) (finding reasonable promptness factor weighed in favor of setting aside where moving party did nothing for more than two months after default was entered but responded to the motion for entry of default judgment within a few weeks).

**C.      Responsibility of the Defendants**

The third Payne factor examines whether the delay in responding was the fault of a party or a party's attorney. Where a party receives an entry of default, the party "must adequately defend its conduct in order to show excusable neglect." Augusta, 843 F.2d at 811. Courts have found excusable neglect even where the defaulting party "mysteriously lost the complaint" or there was a failure to respond to a pleading due to a transition of the General Counsel. *See*, Rasmussen v. Am. Nat. Red Cross, 155 F.R.D. 549, 551 (S.D.W.Va. 1994) (finding excusable neglect and granting Motion to Vacate Entry of Default where defaulting party "mysteriously lost complaint" when transmitting it between offices).

As to the Individual Defendants, upon being served with the Complaint, they contacted City of Dunbar Chief who left them with the impression that the City had already transmitted the matter to the City's coverage provider. Unfortunately, that impression was mistaken as there was a mix-up in the City Clerk's Office concerning transmitting the Complaint to the coverage provider.

The Clerk believed the Complaint had been transmitted to either the Mayor or the City Attorney, but later discovered that that had not been done. Thus, while the City bears some personal responsibility, it was a simple communication mistake and not evidence of "flagrant bad faith." *See*, Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 504-505 (4th Cir. 1977) ("[D]efault judgment should normally not be imposed so as to foreclose the merits of controversies as punishment for general misbehavior, save in that rare case where the conduct represents such flagrant bad faith and callous disregard of the party's

6

obligation under the Rules as to warrant the sanction not simply for the purpose of preventing prejudice to the discovering party but as a necessary deterrent to others.").

Once Defendants learned of the failure to transmit the lawsuit upon receiving the entry of default, they acted promptly to address the entry of default by contacting their coverage provider--which promptly retained counsel—and filing this motion within days. Thus, Defendants' neglect, if there was any, was excusable.

**D.     There is No Prejudice to Plaintiff if the Court Sets Aside the Entry of Default**

The fourth Payne factor—prejudice—also weighs in Defendant's favor. "The non-defaulting party bears the burden of showing prejudice." Cobb v. Equifax Information Services, 2018 WL6313011, at *3 (S.D.W.Va. 2018) (*citing* Combustion Sys. Sales, Inc. v. Eastern Metal Prods. & Fabricators, Inc., 112 F.R.D. 685, 691 (M.D.N.C. 1986)). When considering this factor, "[d]elay in and of itself does not constitute prejudice to the opposing party." Colleton, 616 F.3d at 418.

Here, Plaintiff will not be prejudiced if the Court grants Defendants' Motion to Set Aside the Entry of Default. As explained above, counsel have been in communication concerning this matter. While those communications were unfruitful, there is no prejudice to Plaintiff as the Complaint was filed in the middle of December 2023, and Plaintiff has not had to expend any time or resources as the case is in its infancy. The incredibly short delay has not harmed Plaintiff's situation or his ability to prosecute this lawsuit. Plaintiff will not be prejudiced by allowing these issues to be decided on the merits. Thus, this factor also weighs in favor of setting aside the entry of default.

**E.** **Defendants Have No History of Dilatory Action**

The fifth <u>Payne</u> factor looks at whether the Defendants have a history of dilatory conduct. The record does not demonstrate that Defendants have any such history. The delay in the instant case is a single delay in transmitting the lawsuit to the coverage provider to retain counsel to address the claims against them. Further, nor does the "record reflect that the delay was a result of bad faith." <u>United States v. Gwinn</u>, 2008 WL 867927, at *7 (S.D.W.Va. 2008). Thus, this factor also weighs in favor of setting aside the entry of default.

**F.** **Less Drastic Sanctions are Available (but are Unnecessary)**

The final <u>Payne</u> factor the Court must examine is whether there are less drastic sanctions available. Sanctions less drastic than default are available in this circumstance. See <u>Lolatchy v. Arthur Murray, Inc</u>., 816 F.2d 951, 953 (4th Cir. 1987). Nonetheless, sanctions are unnecessary because there is no prejudice to Plaintiff, Defendants' failure to respond to the pleadings was excusable since Defendants were only recently made aware of the failure to transmit this lawsuit to the City's coverage provider, and Defendants have promptly moved for relief so that the case can proceed on its merits. See, e.g., <u>Cobb</u>, 2018 WL 6313011, at *3 (recognizing the existence of less drastic sanctions but declining to impose them in granting motion to set aside default); <u>Gwinn</u>, 2008 WL 867927, at *8 (same). This factor also favors granting Defendants' Motion to set aside the entry of default.

\* \* \*

Accordingly, the Defendants proffer that good cause exists to set aside the default entered by the Clerk and provide the Defendants time to defend this civil action as contemplated by applicable law.

## **CONCLUSION**

**WHEREFORE**, Defendants respectfully request this Court grant its Motion to Set Aside the Entry of Default Judgment, grant it leave to file their answer out of time, and for such other and further relief this Court deems just and proper.

                    **TODD HANNAH, ZACHARY WINTERS, and THE CITY OF DUNBAR,**
                    By Counsel,

                    */s/ Drannon L. Adkins*
                    Wendy E. Greve, WV State Bar No. 6599
                    Drannon L. Adkins, WV State Bar No. 11384

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC,***
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
Telephone:   (304) 344-0100
Facsimile:     (304) 342-1545

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**ANTHONY REESE,**

      **Plaintiff,**

                                                Civil Action No. 2:23-cv-00805
                                                Honorable Joseph R. Goodwin

**TODD HANNAH, in his individual capacity;
ZACHARY WINTERS, in his individual capacity;
THE CITY OF DUNBAR, a political subdivision;
and JOHN/JANE DOE, unknown employees or
agents of the City of Dunbar,**

      **Defendants.**

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 6th day of February 2024, I filed the foregoing ***"DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT JUDGMENT AND FOR LEAVE TO FILE ANSWER OUT OF TIME"*** by utilizing the CM/ECF system which will send electronic notification of said filing to counsel as listed below:

| | |
|---|---|
| L. Dante DiTrapano, Esq.<br>Charles Bellomy, Esq.<br>Calwell Luce DiTrapano, PLLC<br>500 Randolph Street<br>Charleston, WV 25302<br>*Counsel for Plaintiff* | W. Jesse Forbes, Esq.<br>Forbes Law Offices, PLLC<br>1118 Kanawha Blvd. East<br>Charleston, WV 25301<br>*Counsel for Plaintiff* |

                                                    */s/ Drannon L. Adkins*
                                                   Wendy E. Greve, WV State Bar No. 6599
                                                   Drannon L. Adkins, WV State Bar No. 11384

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC,***
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
Telephone:   (304) 344-0100
Facsimile:    (304) 342-1545