## IN THE UNITED STATES DISTRIC COURT
## FOR THE SOUTHERN DISTRIC OF WEST VIRGINIA
## CHARLESTON DIVISION

**ANTHONY REESE,**

                    **Plaintiff,**

**v.**                                        **CIVIL ACTION NO. 2:23-cv-00805**
                                              **Judge Joseph R. Goodwin**

**TODD HANNAH, in his individual capacity;**
**ZACHARY WINTER, in his individual capacity;**
**THE CITY OF DUNBAR, a political subdivision; and**
**JOHN/JANE DOE, unknown employees or agents of**
**the City of Dunbar,**

                    **Defendants.**

### PLAINTIFF'S OBJECTION AND RESPONSE
### TO DEFENDANTS' MOTION TO SET ASIDE ENTRY OF
### DEFAULT JUDGMENT AND FOR LEAVE TO FILE ANSWER
### <u>OUT OF TIME AND MEMORANDUM OF LAW IN SUPPORT THEREOF</u>

Pursuant to the provisions of Rule 55 of the *Federal Rules of Civil Procedure,* Plaintiff hereby objects to the *Motion to Set Aside Entry of Default Judgment and for Leave to File Answer Out of Time* filed by Defendants Todd Hannah, Zachary Winters, and the City of Dunbar. Plaintiff further submits his *Memorandum of Law* in support of his objection and response.

### FACTS

1. Plaintiff Anthony Reese suffered multiple physical and emotional injuries on December 3, 2022, when he was assaulted by Defendants Todd Hannah and Zachary Winters, who were employed at the time as police officers for the City of Dunbar.

2. Body camera footage of the incident shows the actions of the defendant police officers and the Plaintiff; the unwarranted and excessive force used upon Plaintiff; and Plaintiff's obvious, bloody head injuries. See body camera footage, Exhibit No. 1 herein.

1

3. Medical records and photographs show that Plaintiff suffered multiple contusions and abrasions caused by blunt force trauma to his head, face, scalp, chest, abdomen, back, and knees. See photographs, Exhibit No. 2.

4. On December 12, 2022, counsel for the Plaintiff advised the City of Dunbar that Plaintiff had a potential excessive force claim against the City of Dunbar and the Dunbar Police Department and requested that the Defendant retain and preserve documents and records regarding the same. See Notice of Representation, Exhibit No. 3.

5. Counsel for Plaintiff submitted FOIA requests to the City of Dunbar regarding the incident involving Anthony Reese. Counsel for the City of Dunbar responded with requested information on September 12, 2023. See FOIA Response Letter, Exhibit No. 4.

6. Plaintiff filed his Complaint against the Defendants on December 12, 2023.

7. The filing of Plaintiff's Complaint was a matter of public interest and reflected in news stories in which employees of the City of Dunbar were quoted. See WCHS News Report dated December 22, 2023, https://wchstv.com/news/local/dunbar-police-accused-of-excessive-force-in-new-lawsuit-anthony-reese-todd-hannah-zachary-winters-city-michael-scott-wrongful-death-settlement-dante-ditrapano-brian-oxley-federal-district-court-judge-joseph-goodwin#. This was particularly true as two of the same defendants in the instant case are two of the exact defendants named in *2:22-CV-00419 Michael A. Scott Sr. Administrator of the Estate of Michael A. Scott, Jr. v. Zachary Winters et. al*., a recent case in the United States District Court for the Southern District of West Virginia resolved in August of 2023, involving the City of Dunbar's police department that accused Defendants Winters and Dunbar of similar actions resulting in the horrific death of Michael

Scott, Jr. due to blunt force trauma to the head and allegations of excessive force during the incident and its aftermath.

8. Plaintiff filed a Proof of Service for each Defendant on January 3, 2023, reflecting service by process server upon Defendants Hannah and Winters on December 28, 2023, and upon Defendant City of Dunbar on December 27, 2023.

9. None of the Defendants answered Plaintiff's Complaint within the time frames established by Rule 12 of the *Fed. R. Civ. P.*

10. By Order entered January 26, 2024, this Court noted the Defendants failed to answer or otherwise defend this action in a timely manner, and directed the Clerk to enter default judgment pursuant to Rule 55 of the *Fed. R. Civ. P.*

11. The Clerk filed an *Entry of Default by Clerk* on January 26, 2024.

12. Defendants received notice of the Order and Entry of Default by Clerk by certified mail delivered January 29, 2024.

13. Defendants filed their Motion to set Aside Entry of Default Judgment and for Leave to File Answer Out of Date.

14. Defendants assert that "due to a communications mistake, the City did not transmit the Complaint to the city's coverage provider and this issue went unnoticed until the Clerk's Entry of Default (ECF No. 9) was transmitted to the City."

15. Plaintiff filed his Motion to Affirm Entry of Default and Request for Evidentiary Hearing to Enter Judgment as required by this Honorable Court's prior Order and Rule 55 of the *Fed. R. Civ. P.*

## LEGAL STANDARD

Disposition of a motion to set aside a default judgment ordinarily is a matter within the discretion of the trial court. *Werner v. Carbo*, 731 F.2d 204, 206 (4th Cir. 1984). *Accord Square Construction Co. v. Washington Metropolitan Area Transit Authority*, 657 F.2d 68, 71 (4th Cir. 1981); *Central Operating Co. v. Utility Workers of America*, 491 F.2d 245, 252 (4th Cir. 1974); *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987); *Payne v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006); *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967); *Colleton Preparatory Acad., Inc. v. Hoover Universal*, 616 F.3d 413, 417 (4th Cir. 2010).

A party moving to set aside a default judgment under *F.R. Civ. P.* Rule 55 is required to demonstrate good cause for the motion based upon six factors:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*Colleton Preparatory Acad., Inc. v. Hoover Universal,* 616 F.3d 413, 417.

An analysis of a Rule 55 motion is often made in the same manner as a motion filed under Rule 60. The Fourth Circuit has emphasized the difference in the burden of proof for the moving party under each rule, but has also recognized that a similarity of factors:

> Although we have analyzed Rule 55(c) and Rule 60(b) motions using the same factors, *see United States v. Moradi,* 673 F.2d 725, 727-28 (4th Cir. 1982), the burden on a movant seeking relief under the two rules is not the same. As the district court recognized, Rule 60(b) motions request relief from judgment, which implicates an interest in "finality and repose," *see id.,* a situation that is not present when default has been entered under Rule 55(a) and no judgment has been rendered. Therefore, while an analysis under each rule employs similar factors, Rule 60(b)'s "excusable neglect" standard is a more onerous standard than Rule 55(c)'s "good cause" standard, which is more forgiving of defaulting parties because it does not implicate any interest in finality. *See Johnson v. Dayton*

*Elec. Mfg. Co.,* 140 F.3d 781, 785 (8th Cir. 1998) ("Although the same factors are typically relevant in deciding whether to set aside entries of default and default judgments, [m]ost decisions . . . hold that relief from a default judgment requires a stronger showing of excuse than relief from a mere default order. This is a sound distinction.") (ellipsis and brackets in original; citations omitted); *cf. Robinson v. Wix Filtration Corp.,* 599 F.3d 403, 412-13 (4th Cir. 2010).

*Colleton Preparatory Acad., Inc. v. Hoover Universal,* 616 F.3d at 420-421.

"[A]ny evidence of intransigence on the part of a defaulting party should be weighed heavily against him in determining the propriety of a default judgment." *Lee v. Gentlemen's Club, Inc.,* 542 S.E. 2d 78, 82, 208 W.Va. 564 (2000); *Hinerman v. Levin,* 172 W.Va. 777, 782, 310 S.E.2d 843, 849 (1983); *Coury v. Tsapis,* 172 W.Va. 103, 304 S.E.2d 7 (1983).


**ARGUMENT**

Defendants have not shown good cause for setting aside the default judgment entered in this matter. Their assertion of meritorious defenses are speculative and conclusory. The history of this claim, the communications with the Defendant City of Dunbar prior to the filing of the Complaint, the widespread public news stories, and even the interviews of employees of the City of Dunbar establish that the Defendants did not act with reasonable promptness, nor did they exercise personal responsibility. Plaintiff would be prejudiced if the Court set aside the default judgment because he would incur the time, expense, and emotional stress of having to litigate a case where liability is clear, and the only remaining issue is damages. Moreover, the fact that the Defendants did not put their carrier on notice two years ago, when counsel for Plaintiff served the notice of representation and when Plaintiff served FOIA requests shows a history of dilatory action. There are no other less drastic sanctions available, and the motion to set aside the default judgment should be denied.

Defendants have provided no factual or legal basis for their motion for leave to file an answer out of time. Therefore, the motion should also be denied.

**A.  Defendants Have Not Presented Any Meritorious Defenses.**

A meritorious defense asserted under Rule 55 of the *F.R. Civ. P.* requires more than perfunctory statements such as those tendered by Defendants. As recently noted by the Fourth Circuit in an opinion upholding the entry of default judgment:

> We conclude that the district court did not abuse its discretion in denying Appellants' motion to vacate the default. The only one of these six factors that Appellants addressed in their motion was whether they had a meritorious defense. But their arguments merely regurgitated those raised in their motion to dismiss and rejected by the district court. <u>At no stage of this case have Appellants alleged that they did not breach the contracts</u>—at best, they dispute the amounts owed Xerox. <u>The district court rightfully rejected these conclusory arguments as insufficient to justify setting aside the default.</u> *See August Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 252 (4th Cir. 1967).

*Xerox Corp. v. Rimm Holdings, Inc.*, 2023 U.S. App. LEXIS 112, *2 (4th Cir. 2023) (per curiam) (emphasis added).

"A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Central Operating Co. v. Utility Workers of America*, 491 F.2d 245, 252 n.8 (4th Cir. 1974); *Williams v. Blitz*, 226 F.2d 463 (4th Cir. 1955). "The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2697, p. 531 (2d ed. 1983); *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988).

Further, all that is necessary to establish the existence of a "meritorious defense" is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party. *Central Operating Co. v. Utility Workers of America*, 491 F.2d 245,

252 n.8 (4th Cir. 1974); *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). However, a defendant must do more than allege in a conclusory fashion that it has a meritorious defense. "We are not persuaded that a bare allegation of a meritorious defense precludes the court, in its discretion, from requiring disclosure of facts to support such a conclusory assertion." *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251-252. In *Consolidated Masonry,* the Fourth Circuit upheld a default judgment when the non-responsive party presented no statement of underlying facts to support its purported defenses, instead relying upon mere conclusions "which fell far short of providing the court with a satisfactory explanation of the merits of the defense." *Id.*[1]

The West Virginia Supreme Court of Appeals has also recognized that a meritorious defense is one where the default judgment damages would be different from those awarded at trial. "[T]his factor seeks to determine whether 'there is . . . reason to believe that a result different from the one obtained would have followed from a full trial.'" *Hinerman v. Levin*, 172 W. Va. 777, 783-84, 310 S.E.2d 843, 850 (1983); *Cales v. Wills*, 212 W. Va. 232, 242, 569 S.E.2d 479, 489 (2002).

The factual allegations in a complaint are generally accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, the failure to answer a complaint will result in admission of the factual allegations by default. "A defaulting party admits the plaintiff's well-pleaded factual allegations in the complaint, in contrast to the allegations regarding

---

[1] A meritorious defense may be reflected in a proposed answer. which alleges specific facts beyond denials or conclusory statements. *United States v. Jamie*, 2011 U.S. Dist. LEXIS 3043, *6.

damages." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *United States v. Martin*, 2011 U.S. Dist. LEXIS 41939, *5-6 (USDC ND WV 2011).

Even if a party presents a credible meritorious defense, that alone will not suffice to set aside a default judgment. Although considering the factors relative to a Rule 60 motion to set aside a default judgment, the Fourth Circuit has held that even if a defendant could assert a meritorious defense to plaintiff's claims, the defendant must still show the existence of mistake, inadvertence, surprise or excusable neglect under Rule 60(b)(1). See *Park Corp. v. Lexington Ins. Co.,* 812 F.2d 894 (1987).[2] Under a Rule 55 analysis, the Fourth Circuit has required nothing more than a credible defense: "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *Moradi*, 673 F.2d at 727; *United States v. Jamie*, 2011 U.S. Dist. LEXIS 3043, *5-6.

In the present matter, Defendants have presented nothing more than conclusory and speculative defenses. Defendants have not contested the facts of the Complaint; have not submitted a proposed answer or any statement of underlying facts to support its purported defenses; and have not proffered any evidence that contradicts the facts alleged in the Complaint. Defendants have only suggested that there <u>may</u> be defenses available under qualified immunity, a rather novel "intra-corporate conspiracy doctrine," and the West Virginia Governmental Tort Claims and

---

[2] The Fourth Circuit has noted the differences and similarities in motions filed under Rule 55 and Rule 60. While an analysis under each rule employs similar factors, the "excusable neglect" standard under Rule 60(b) is a more onerous standard than the "good cause" standard under Rule 55, which is more forgiving of defaulting parties because it does not implicate any interest in finality." See *Colleton Preparatory Acad., Inc. v. Hoover Universal*, 616 F.3d at 420; *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 785 (8th Cir. 1998).

Insurance Reform Act (generally asserted in state court cases.) There is nothing that, if believed, could convince anyone to find for the defaulting Defendants.

Defendants likewise have not shown that there would be a different outcome if this matter proceeded to trial. First, two of the defendants in this case (Winters and the City of Dunbar) are the two of the exact defendants named in *2:22-CV-00419 Michael A. Scott Sr. Administrator of the Estate of Michael A. Scott, Jr. v. Zachary Winters et. al*., recently resolved case in the United States District Court for the Southern District of West Virginia involving the City of Dunbar's police department that accused Winters and Dunbar of similar actions resulting in the horrific death of Michael Scott, Jr. due to blunt force trauma to the head and allegations of excessive force during the incident and its aftermath. The body camera footage in the present case shows Winters again using excessive force, this time on Plaintiff Anthony Reese, who also suffered head injuries. The issue of liability at the default judgment stage and the liability most likely to be found at trial are identical. The only remaining issue is the amount of damages, which can be determined at an evidentiary hearing.

Even if any of the conclusory defenses noted by Defendants did apply (and Plaintiff maintains they should not), the motion to set aside the default judgment should still be denied because Defendants did not meet additional factors required under a Rule 55 analysis.

**B.  Defendants Have Not Acted With Reasonable Promptness.**

Whether a party has taken "reasonably prompt" action in responding to litigation must be gauged in light of the facts and circumstances of each occasion and the exercise of discretion by the trial judge will not be disturbed lightly. See *Central Operating Co. v. Utility Workers of America*, 491 F.2d 245, 252 n.8; *United States v. Moradi*, 673 F.2d 725, 727.

Many courts have been lenient in considering the time frame in which a defendant files a motion to set aside a default judgment. *See, e.g., Cline v. HSBC Bank USA, N.A.*, 2017 U.S. Dist. LEXIS 193423, *6. However, promptly filing a response must be considered in conjunction with the facts and circumstances of the case and the other requirements under a Rule 55 analysis. *Central Operating,* 491 F.2d. at 252.

In the present matter, Defendants filed their motion to set aside the default judgment eleven days after entry of the January 26, 2024, Order. While that could conceivably be considered reasonable in certain cases, the circumstances of the present action give rise to speculation as to why the Defendants took so long to do anything in a case that has generated so much public awareness and of which they were aware so long ago. As noted previously, the City of Dunbar and Defendant Winters were involved in the *Scott* case, infra, which resolved in August of 2023. During the pendency of that case, the City had been notified of the instant matter and the intent to pursue a claim.  Four months after the *Scott* case was resolved, Plaintiff in this matter filed his Complaint against two of the exact same defendants, the City of Dunbar, and Winters. The filing was widely reported, making headlines and nightly news. See link to news story that specifically included an interview with and comments by the Chief of Police, attached in Paragraph 7 above.

Any claims by the Defendants that they did not know about the incident involving the Plaintiff, did not know about his potential claims, the lawsuit, or the default judgment lack credibility. Not only was the delay by Defendants in responding to the default judgment a failure to act with reasonable promptness, under the circumstances it also demonstrates a failure to exercise personal responsibility in this matter.

### C.  Defendants Have Been Negligent in Their Personal Responsibilities.

A party's responsibility in a matter, or its negligent responsibility, can be a deciding factor in a Rule 55 motion to set aside a default judgment. "[M]any courts place special emphasis on other factors—and especially whether the defaulting party is personally responsible for the delay that led to entry of default. *See, e.g., Augusta Fiberglass Coatings v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988); *Palmetto Fed. Sav. Bank v. Indus. Valley Title Ins. Co.*, 756 F. Supp. 925, 932 (D.S.C. 1991), *vacated by agreement of parties*,1991 U.S. Dist. LEXIS 21831 (D.S.C. May 15, 1991)" *United States v. Jamie*, 2011 U.S. Dist. LEXIS 3043, *7-8. The court must consider whether the circumstances "established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault" of the non-complying party." *Wilson v. Volkswagen of Am.*, 561 F.2d 494, 503 (4th Cir. 1977.)

Even if a defendant could assert a meritorious defense to plaintiff's claims, the defendant must still show the existence of mistake, inadvertence, surprise or excusable neglect under Rule 60. See *Park Corp. v. Lexington Ins. Co.,* 812 F.2d 894. In *Park,* the defendant received the complaint and summons in its mailroom and an employee signed the return of service. Then, the paperwork mysteriously disappeared.

> The unexplained disappearance of the summons and complaint from Lexington's mail room does not constitute grounds for relief from the default judgment under Rule 60(b)(1). Because Lexington could give no reason for the loss of the complaint, the district court could not determine whether it had an acceptable excuse for lapsing into default. In the absence of any acceptable excuse for Lexington's default, the district court did not abuse its discretion in determining that Lexington had failed to demonstrate any mistake, inadvertence, surprise or excusable neglect that would justify relief from the default judgment under Rule 60(b)(1). Indeed, to hold otherwise would be to allow defaulting defendants to escape the consequences of their inaction simply by asserting that the legal process to which they failed to respond was lost.

*Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 897. The Fourth Circuit emphasized that a

11

defendant "must demonstrate both the existence of a meritorious defense *and* the existence of any grounds for relief" set forth in Rule 60(b) and upheld the decision of the district court to award default judgment.

A concurring opinion by Judge Haynsworth in *Park* noted the need for adequate internal controls designed to capture and record incoming legal papers and get them to the responsible official for an appropriate response. *Id.,* 812 F.2d at 898, citing *Cf. Davis v. Safeway Stores, Inc.*, 532 F.2d 489, 490 (5th Cir. 1976); *Greenspun v. Bogan*, 492 F.2d 375, 382-83 (1st Cir. 1974). The opinion further emphasized: "There was evidence, however, that on three occasions a letter of general reference to the personal injury case was sent to Lexington. The loss of those letters aggravates the appearance of neglect and tends to confirm the inadequacy of Lexington's internal controls." *Id.* (emphasis added). Judge Haynsworth concluded: "The best of systems sometimes suffers and occasional break-down. When it does, the neglect should be treated as excusable, but sloppy handling of papers by which legal actions are commenced is inexcusable." *Id.* (emphasis added).

The West Virginia Supreme Court of Appeals likewise abhors the failure of a party to act responsibly. The Court affirmed default judgment under Rule 60 even though the defendant established two meritorious defenses and demonstrated no prejudice to the plaintiff, because the failure of the defendant to answer the complaint outweighed the other factors:

> We have determined that no undue prejudice would result against Mr. Cales by setting aside default as to liability. We have also determined that National has two defenses that have merit, and that the potential damages against National are significant. However, these findings must be weighed against National's intransigence, which we have determined was significant, and National's utter failure to present any excusable or unavoidable cause for not filing a timely answer. We believe that the proper balance in this case requires us to affirm the trial court's denial of National's motion to set aside judgment of default as to liability. *See Hinerman v. Levin*, 172 W. Va. at 782, 310 S.E.2d at 848 (1983) ("Although this court is quite willing to review default judgments and to

overturn them in cases where good cause is shown, a demonstration of such good cause is a necessary predicate to our overruling a lower court's exercise of discretion."). Thus, we find the circuit court did not abuse its discretion in denying National's Rule 60(b) motion as it pertained to the determination that National defaulted in this action.

*Cales v. Wills*, 212 W.Va. 232, 243, 569 S.E.2d 479, 490 (2002).

While the decisions in *Parks* and *Cales* were made under Rule 60, the logic of those opinions also apply to a Rule 55 motion. As applied to the present circumstances, the actions of the Defendants in completely failing to acknowledge the claims of the Plaintiff for the past two years is inexcusable and demonstrate an absolute dereliction of responsibility. The question arises as to why Defendants failed to respond until the entry of default judgment when those claims were asserted at least <u>two years</u> prior to the filing of the Complaint and were widely known. For example:

- Counsel for Plaintiff sent a letter of representation and demand for preservation of evidence to the City of Dunbar on December 12, 2022, shortly after the incident occurred. Exhibit No. 3.
- Counsel for Plaintiff submitted numerous FOIA requests, which were answered by counsel for the City of Dunbar on September 12, 2023. Exhibit No. 5.
- Defendants knew or should have known that the *Scott* claims and those of Plaintiff Reese involved the same parties and the same allegations of excessive force.
- The filing of Plaintiff's Complaint again made headline news, which even included an interview with the Chief of Police. Exhibit No. 6.

Similar to the facts in *Park*, the negligence of the clerk at the City of Dunbar who actually signed the return of service in this matter and then allegedly failed to send it to the Mayor, the City Attorney, or the Defendant's carrier reflects total irresponsibility, aggravates the appearance of neglect, and tends to suggest an inadequacy of the City's internal controls. If the statements in the motion are accurate, the defendant police officers specifically noted to the Chief of Police that they had been served, and he also allegedly did nothing to ensure that the Mayor, City Attorney, or

carrier were notified. Given his statements to the press after the filing of the Complaint, the Chief of Police cannot be heard to say he did not know anything about the matter.  Further, the City had the representation letter and FOIA requests much earlier.

Another important consideration is the widespread publicity given to the *Scott* case and the present claims in this action. The possibility of a similar claim involving the same defendants, Winters and the City of Dunbar, should have triggered a higher standard of care in the offices of the City of Dunbar. In days of yore, anything related to the allegations by Mr. Reese may have been placed in a red file, tagged, and noted in reports and on calendars. The letters, reports, and especially the Complaint would likely have been handed to the Chief of Police, Mayor, City Council Members, and City of Attorney personally, or at least placed front and center on their desks.

No one has said exactly what happened to the filings. There is only the statement that there had been a "simple communication mistake" on the part of the Clerk. That will not suffice. As in *Cales,* these findings amount to significant intransigence on the part of the Defendants and an utter failure to present any excusable or unavoidable cause for not filing a timely answer. The proper balance in this case requires a denial of the motion to set aside the default judgment and a denial of the request for leave to file an answer out of time.

### D.  Plaintiff Would Suffer Undue Prejudice and Expense if Required to Litigate a Claim Where There is Clear Liability.

The liability in this case is clear, as established by the allegations in the Complaint, the accompanying photographs, reports and records, the bodycam videos, and the history of Defendants Winters and the City of Dunbar in excessive force and negligence claims, especially in the *Scott* case. Defendants have not submitted a proposed answer, any affidavits, or even a solid

meritorious defense. Therefore, the allegations of Plaintiff's Complaint must be taken as true, and they are admitted by the failure of Defendants to file a timely answer.

Under these facts and circumstances, taken as a whole, the Plaintiff would suffer great prejudice if required to litigate a case where the liability is so clear. Instead of receiving default judgment and damages as established at an evidentiary hearing early on in this matter, the Plaintiff would instead, presumably, receive a judgment award at trial that would have to be impacted by thousands of dollars in costs for experts, depositions, trial, and other associated expenses, not to mention the passing of time that would impact the Plaintiff in a further negative manner. That constitutes a significant prejudice against the Plaintiff and should be a significant factor in determining that the motion to set aside the default judgment should be **DENIED.**

### E.  History of dilatory Conduct.

Plaintiff points to the chronology noted above in this matter and asserts that by failing to take steps when the Defendants knew of the claim for such a long period of time could be considered dilatory conduct that while specific to this case, is still historical given the long period of notice to the City of Dunbar.

### F.  There Are No Less Drastic Sanctions Available.

The failure to respond to the Complaint and default judgment lies with the Defendants, who cannot be held blameless for their dilatory actions. Fault does not lie with any other party, and appropriate sanctions against the defendants are not applicable or adequate. Moreover, even if the Court were to strike the defenses of the Defendants, there would be great prejudice to the Plaintiff if he is required to incur the time and expense of litigating a case with clear liability when an evidentiary hearing for default judgment would suffice. Principles of judicial economy also

demand that this matter be settled through an evidentiary hearing. There are no other less drastic

sanctions available. See, *Lolatchy v. Arthur Murray, Inc.,* 816 F.2d 951, 953 (4th Cir. 1987).

The Fourth Circuit (and this Court) have recognized the right of a trial court to impose

appropriate sanctions and emphasize the requirement to abide by the rules:

> District courts must be allowed sufficient disciplinary authority to control their
> dockets. Without the ability to exact significant penalties when parties ignore
> court orders, district courts would be left with nothing but hollow threats of
> dismissal.
>
>> There is a natural tendency on the part of reviewing courts, properly
>> employing the benefit of hindsight, to be heavily influenced by the
>> severity of outright dismissal as a sanction for failure to comply with an
>> ... order... But [dismissal] must be available to the District Court in
>> appropriate cases, not merely to penalize those whose conduct may be
>> deemed to warrant such a sanction, but to deter those who might be
>> tempted to such conduct in the absence of such a deterrent.
>
> *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 642-43, 49
> L. Ed. 2d 747, 96 S. Ct. 2778 (1976).

*Heyman v. M. L. Mktg. Co.*, 116 F.3d 91, 96 (4th Cir. 1997).

The motion to set aside the default judgment has no basis in fact or law and should be

**DENIED.**

### G. There is No Factual or Legal Basis for Permitting Defendants to File Their Answers Out of Time.

The Defendants have not presented good cause to excuse the default judgment order filed

against it, and therefore the motion for leave to file an answer out of time must also be denied. A

footnote in the *Xerox* decision by the Fourth Circuit explains the issue quite succinctly:

> While Appellants briefly argue that the district court erred in denying its motion to
> file an answer out of time, highlighting the good cause standard under Fed. R. Civ.
> P. 6(b), the district court conducted the proper inquiry—first addressing whether
> there was cause to excuse the default and, after concluding that there was not,
> declining to extend the time to file the answer. *See* Fed. R. Civ. P. 55(a) ("When a
> party against whom a judgment for affirmative relief is sought has failed to plead

or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk **must** enter the party's default." (emphasis added)).

*Xerox Corp. v. Rimm Holdings, Inc.*, 2023 U.S. App. LEXIS 112, *2, fn. *.

## CONCLUSION

**WHEREFORE**, Plaintiff prays that the *Entry of Default by Clerk* filed on January 26, 2024, be affirmed; that Defendants' motion to set aside the entry of default judgment be **DENIED;** that Defendants' motion for leave to file answer out of time be **DENIED;** that the Court set this matter for evidentiary hearing in order to determine damages, including compensatory and appropriate punitive damages; that Plaintiff be awarded appropriate attorneys' fees and costs; and be awarded such other relief as deemed reasonable and just.


Respectfully submitted,

**ANTHONY REESE**
**By Counsel**

/s/W. Jesse Forbes
W. Jesse Forbes, WVSB 9956
Jennifer N. Taylor, WVSB 4612
FORBES LAW OFFICES
1118 Kanawha Boulevard East
Charleston, WV 25301
304.343.4050
wjforbes@forbeslaw.com
jtaylor@forbeslaw.com

/s/ L. Dante diTrapano
L. Dante diTrapano, WVSB 6778
Charles F. Bellomy, WVSB 9117
CALWELL LUCE DITRAPANO PLLC
Law and Arts Center West
500 Randolph Street
Charleston, WV 25302
304.343.4323
dditrapano@cldlaw.com
cbellomy@cldlaw.com

*Counsel for Plaintiff Anthony Reese*

IN THE UNITED STATES DISTRIC COURT
FOR THE SOUTHERN DISTRIC OF WEST VIRGINIA
CHARLESTON DIVISION

ANTHONY REESE,

        **Plaintiff,**

v.                                 **CIVIL ACTION NO. 2:23-cv-00805**
                                      **Judge Joseph R. Goodwin**

TODD HANNAH, in his individual capacity;
ZACHARY WINTER, in his individual capacity;
THE CITY OF DUNBAR, a political subdivision; and
JOHN/JANE DOE, unknown employees or agents of
the City of Dunbar,

        **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 20th day of February 2024, I filed the foregoing *"PLAINTIFF'S OBJECTION AND RESPONSE TO DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT JUDGMENT AND FOR LEAVE TO FILE ANSWER OUT OF TIME AND MEMORANDUM OF LAW IN SUPPORT THEREOF"* by utilizing the CM/ECF system which will send electronic notification of said filing to counsel as listed below:

Wendy E. Greve, Esq.
Drannon L. Adkins, Esq.
PULLIN, FOWLER, FLANNAGAN,
BROWN & POE, PLLC
901 Quarrier Street
Charleston, WV 25301
*Counsel for Defendants Todd Hannah,*
*Zachary Winters, and the City of Dunbar*

/s/W. Jesse Forbes
W. Jesse Forbes, WVSB 9965
Jennifer N. Taylor, WVSB 4612
FORBES LAW OFFICES
1118 Kanawha Boulevard East
Charleston, WV 25301
304.343.4050
wjforbes@forbeslaw.com
jtaylor@forbeslaw.com

/s/ L. Dante diTrapano
L. Dante diTrapano, WVSB 6778
Charles F. Bellomy, WVSB 9117
CALWELL LUCE DITRAPANO PLLC
Law and Arts Center West
500 Randolph Street
Charleston, WV 25302
304.343.4323
dditrapano@cldlaw.com
cbellomy@cldlaw.com

*Counsel for Plaintiff Anthony Reese*