IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**ANTHONY REESE,**

        **Plaintiff,**

                                          Civil Action No. 2:23-cv-00805
                                          Honorable Joseph R. Goodwin

**TODD HANNAH, in his individual capacity;**
**ZACHARY WINTERS, in his individual capacity;**
**THE CITY OF DUNBAR, a political subdivision;**
**and JOHN/JANE DOE, unknown employees or**
**agents of the City of Dunbar,**

        **Defendants.**

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT JUDGMENT AND FOR LEAVE TO FILE ANSWER OUT OF TIME

**NOW COME** Defendants, Todd Hannah, Zachary Winters and the City of Dunbar, by counsel, Wendy E. Greve, Drannon L. Adkins and the law offices of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, for their reply in support of their previously filed *Motion to Set Aside Entry of Default Judgment and For Leave to File Answer Out of Time,* as follows:

### ARGUMENT

Rule 55(c) of the Federal Rules of Civil Procedure states that a court "may set aside entry of default for good cause." In assessing a motion to set aside an entry of default, a district court is to consider (1) whether the moving party has a meritorious defense to the action; (2) whether the moving party acted with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) any unfair prejudice to the non-moving party; (5) whether there is a history of dilatory action; and (6) the availability of

1

sanctions less drastic. Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010); Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204–05 (4th Cir. 2006).

Courts construe the Payne factors liberally and resolve any doubts in favor of allowing the lawsuit to be decided on its merits. Colleton, 616 F.3d at 417; Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969). Here, the Payne factors support setting aside the Clerk's Entry Of Default.

**A.    Defendants Have Meritorious Defenses**

The first Payne factor considers whether Defendants have a meritorious defense. To demonstrate a meritorious defense, the Court must be presented with evidence "which would permit a finding for the defaulting party, or which would establish a valid counterclaim." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988). "All that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982).

In their motion, the Defendants noted that they would likely assert qualified immunity as a defense, which is an immunity from suit as opposed to a defense against liability. Cloaninger v. McDevitt, 555 F.3d 324, 330 (4th Cir. 2009).

Further, the Defendants noted that they could present additional defenses, including the intra-corporate conspiracy doctrine, the West Virginia Governmental Tort Claims and Insurance Reform Act, the Heck v. Humphrey bar, and other such defenses. Courts in the Fourth Circuit have routinely dismissed conspiracy claims against police

2

officers under the intra-corporate conspiracy doctrine. Black v. WVSP, 2023 WL 2667754, at *11-12 (S.D.W.Va. 2023) (collecting cases); Burgess v. Balt. Police Dept., 2016 WL 795975, at *10-11 (D.Md. 2016); Veney v. Ojeda, 321 F.Supp.2d 733, 748 (E.D.Va. 2004).

Further investigation has revealed that Heck v. Humphrey, 512 U.S. 477 (1994), may bar many of Plaintiff's claims. As a result of the interaction on December 2, 2022, Plaintiff was charged with several offenses, including assault on an officer, obstructing an officer, and public intoxication. *See*, Criminal Complaint, attached as **Exhibit 1**. Plaintiff entered a guilty plea to assault on an officer in March 2023. **Exhibit 2**. This conviction likely triggers application of the Heck-bar, which precludes a plaintiff from maintaining a §1983 action where success on such claims would imply the invalidity of his underlying criminal conviction. To succeed on his claims of excessive force, Plaintiff would necessarily have to prove that he did not engage in the actions for which he pleaded guilty—that is, he would have to prove that he did not commit assault on an officer. To be convicted of Assault of a Law Enforcement Officer, the government must prove that the defendant

> unlawfully attempts to commit a violent injury to the person of a … law-enforcement officer, acting in his or her official capacity and the person committing the battery knows or has reason to know that the victim is acting in his or her official capacity, or unlawfully commits an act which places that person acting in his or her official capacity in reasonable apprehension of immediately receiving a violent injury and the person committing the battery knows or has reason to know that the victim is acting in his or her official capacity….

West Virginia Code § 61-2-10b(e). By pleading guilty, Plaintiff has conceded that he "unlawfully attempt[ed] to commit a violent injury to … a[n] … officer" who was acting in his official capacity and/or "unlawfully commit[ted] an act" that placed an officer "in

3

reasonable apprehension of immediately receiving a violent injury" and knew that such officer was acting in his official capacity. Thus, a judgment in Plaintiff's favor on the excessive force claims would necessarily imply the invalidity of his conviction because the excessive force claims arise out of the same conduct that led to Plaintiff's conviction for assaulting Defendants. *See* Cummings v. City of Akron, 418 F.3d 676, 682–83 (6th Cir. 2005) (holding that Heck barred the plaintiff's excessive force claim where the struggle between the plaintiff and the defendant officers gave rise to the plaintiff's assault conviction, and the excessive force claim and the assault conviction were "inextricably intertwined").

Therefore, Defendants have meritorious defenses to Plaintiff's claims, and the Court should set aside the Clerk's Entry of Default.

**B.    The Defendants were Reasonably Prompt in Filing Their Motion**

The second Payne factor, reasonable promptness, dictates that the Court should grant a defaulting party relief when the party "acts with reasonable diligence in seeking to set aside the default ..." Moradi, 673 F.2d at 727. Additionally, reasonable promptness should be viewed "in light of the facts and circumstances of each occasion ..." Id.

Plaintiff takes great pains to attempt to eschew the fact that the Defendants acted swiftly to set aside the Clerk's entry of default by resorting to claims that the City was on notice of a potential claim. ECF No. 15, at p. 2, 9-10.

The time period the Court must consider is triggered from the filing of the Complaint. The Complaint was filed on December 21, 2023. ECF No. 1. The Complaint was apparently served on Officer Hannah on December 28, 2023. ECF No. 4. As to Officer Winters, the Complaint was apparently served on the same date. ECF No. 5. The

Complaint was apparently served on the City of Dunbar on December 27, 2023. ECF No. 6. The Clerk entered Default on January 26, 2024. ECF No. 9. Upon being provided with the entry of Default, the City promptly transmitted the same to its coverage provider, who retained the undersigned to seek to set aside the default. That motion was filed a mere 11 days after the entry of default. ECF Nos. 11, 12. This is well within the time frame courts in the Fourth Circuit have found to be reasonably prompt. Augusta, 843 F.2d at 812 (finding that there was "little doubt" as to the promptness of the defendant's motion to set aside default judgment when the defendant moved for relief within two weeks of the entry of the judgment); *see also* Burton v. The TJX Companies, Inc., 2008 WL 1944033, at *3 (E.D.Va. 2008) (collecting cases, stating "[d]istrict courts in the Fourth Circuit have found that a defendant acted reasonably promptly when waiting seventeen, twenty-one, and thirty-two days after default was entered before attempting to set it aside."); Pinpoint IT Servs., L.L.C. v. Atlas IT Exp. Corp., 812 F.Supp.2d 710, 726 (E.D.Va. 2011) (finding that a nine-day delay in filing motion to set aside default, and before motion for default judgment was filed, was reasonably prompt); Bell v. Artic Cat, Inc., 2021 WL 1791164, at *2 (D.S.C. 2021) (finding that defendants motion to set aside, filed 31 days after plaintiff moved for entry of default, was reasonably prompt). Here, the Defendants acted with reasonable promptness in seeking to set aside the Clerk's entry of Default. Thus, this weighs in favor of the Defendants.

C. **Responsibility of the Defendants**

The third Payne factor examines whether the delay in responding was the fault of a party or a party's attorney. Where a party receives an entry of default, the party "must adequately defend its conduct in order to show excusable neglect." Augusta, 843 F.2d at

811. Courts have found excusable neglect even where the defaulting party "mysteriously lost the complaint" or there was a failure to respond to a pleading due to a transition of the General Counsel. See, Rasmussen v. Am. Nat. Red Cross, 155 F.R.D. 549, 551 (S.D.W.Va. 1994) (finding excusable neglect and granting Motion to Vacate Entry of Default where defaulting party "mysteriously lost complaint" when transmitting it between offices).

The Defendants acknowledged that the City of Dunbar failed to transmit the Complaint to their coverage provider. ECF No. 12. Yet, that failure was not because of deliberate bad faith; rather, it was a simple miscommunication between City officials over a holiday. See, Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 504-505 (4th Cir. 1977) ("[D]efault judgment should normally not be imposed so as to foreclose the merits of controversies as punishment for general misbehavior, save in that rare case where the conduct represents such flagrant bad faith and callous disregard of the party's obligation under the Rules as to warrant the sanction not simply for the purpose of preventing prejudice to the discovering party but as a necessary deterrent to others."). As to the Individual Defendants, the City of Dunbar Chief left them with the impression that the City had already transmitted the matter to the City's coverage provider. Unfortunately, that impression was mistaken. Nevertheless, once it was discovered that the complaint had not been transmitted and that the clerk had entered default, the Defendants acted promptly to address the entry of default.

Even if the Court determines that this factor weighs in favor of Plaintiff, it is not determinative by itself. Colleton, 616 F.3d at 419 (providing the district court should not place "overarching emphasis on a single Payne factor"). While the Defendants are not

6

"blameless" for the failure to timely respond, given the timing in which they moved to remedy the issue, "this factor is of limited significance in this case and does not overwhelmingly weigh against setting aside the entry of default." Jackson v. Dameron, 2023 WL 8115569, at *3 (W.D.Va. Nov. 22, 2023) (citation and quotations omitted).

### D. There is No Prejudice to Plaintiff if the Court Sets Aside the Entry of Default

The fourth Payne factor—prejudice—also weighs in Defendant's favor. "The non-defaulting party bears the burden of showing prejudice." Cobb v. Equifax Information Services, 2018 WL6313011, at *3 (S.D.W.Va. 2018) (*citing* Combustion Sys. Sales, Inc. v. Eastern Metal Prods. & Fabricators, Inc., 112 F.R.D. 685, 691 (M.D.N.C. 1986)). When considering this factor, "[d]elay in and of itself does not constitute prejudice to the opposing party." Colleton, 616 F.3d at 418.

Plaintiff contends that he will suffer prejudice if he has to actually prove his case. ECF No. 15, at p. 14-15. Yet, as the Fourth Circuit has explained, the "prejudice" factor is not satisfied where a plaintiff faces "no disadvantage ... beyond that suffered by any party which loses a quick victory." Augusta, 843 F. 2d at 812. Indeed, "no cognizable prejudice inheres in requiring a plaintiff *to prove* a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court." Colleton, 616 F.3d at 419 (emphasis in original). Courts instead consider whether prejudice was incurred due to issues such as "[a] missing witness in the case whose testimony was made unavailable by the delay, ... any records made unavailable by the delay, ... [or] any evidence for the plaintiff which could have been presented earlier, the presentation of which was prevented by the delay." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 952 (4th Cir. 1987).

Here, Plaintiff has not established that setting aside the entry of default will result in any such prejudice. Rather, the only prejudice he claims is that he will be forced to prove liability, a burden he already had to undertake. Plaintiff has not identified any lost or missing records or witnesses nor an inability to present any evidence caused by the short delay in this matter. Thus, this factor also weighs in favor of setting aside the entry of default.

### E. Defendants Have No History of Dilatory Action

The fifth Payne factor looks at whether the Defendants have a history of dilatory conduct. Neither the record nor Plaintiff's assertions that the relevant time period concerning his pretrial investigation establish that the Defendants have a history of dilatory conduct. ECF No. 15, at p. 15. Plaintiff does not explain how the Defendants could have conceivably engaged in delay when this matter was filed only recently. Id. Nor does Plaintiff argue that the Defendants have a history of delay in other cases. Id.

The delay in the instant case is a single delay in transmitting the lawsuit to the coverage provider to retain counsel to address the claims against them. Further, nor does the "record reflect that the delay was a result of bad faith." United States v. Gwinn, 2008 WL 867927, at *7 (S.D.W.Va. 2008). "The Fourth Circuit has found no history of dilatory action even in the case of a defendant whose failure to respond continued over the time span of 'a few months.'" Fifth Third Bank v. Revelation Energy, LLC, 2018 WL 1866104, at *3 (S.D.W.Va. 2018) (quotation omitted). Thus, this factor also weighs in favor of setting aside the entry of default.

**F.     Less Drastic Sanctions are Available (but are Unnecessary)**

The final Payne factor the Court must examine is whether there are less drastic sanctions available. Sanctions less drastic than default are available in this circumstance. See Lolatchy, 816 F.2d at 953 . Nonetheless, sanctions are unnecessary because there is no prejudice to Plaintiff. Defendants' failure to respond to the pleadings was excusable since Defendants were only recently made aware of the failure to transmit this lawsuit to the City's coverage provider, and Defendants have promptly moved for relief so that the case can proceed on its merits. See, e.g., Cobb, 2018 WL 6313011, at *3 (recognizing the existence of less drastic sanctions but declining to impose them in granting motion to set aside default); Gwinn, 2008 WL 867927, at *8 (same).

Plaintiff repeats the same refrain that the Defendants should be sanctioned with default so that he will not have to meet his burden of proving liability, which is "a burden every plaintiff assumes in every civil action filed in every federal court." Colleton, 616 F.3d at 419. Plaintiff does not ask for attorney's fees or other costs, or any other sanctions less drastic than entering default. ECF No. 15, at p. 15-16. The case is at its most preliminary stage, and no dispositive motions have been filed, much less ruled upon. In addition, no lesser sanctions have been attempted and failed.

This factor also favors granting Defendants' Motion to set aside the entry of default.

\* \* \*

Accordingly, the Defendants proffer that good cause exists to set aside the default entered by the Clerk and provide the Defendants time to defend this civil action as contemplated by applicable law.

## **CONCLUSION**

**WHEREFORE**, Defendants respectfully request this Court grant its Motion to Set Aside the Entry of Default Judgment, grant it leave to file their answer out of time, and for such other and further relief this Court deems just and proper.

                              **TODD HANNAH, ZACHARY WINTERS, and THE CITY OF DUNBAR,**
                              By Counsel,

                              */s/ Drannon L. Adkins*
                              Wendy E. Greve, WV State Bar No. 6599
                              Drannon L. Adkins, WV State Bar No. 11384

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC,***
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
Telephone:   (304) 344-0100
Facsimile:    (304) 342-1545

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

**ANTHONY REESE,**

      **Plaintiff,**

                                                                                      **Civil Action No. 2:23-cv-00805**
                                                                                       **Honorable Joseph R. Goodwin**

**TODD HANNAH, in his individual capacity;**
**ZACHARY WINTERS, in his individual capacity;**
**THE CITY OF DUNBAR, a political subdivision;**
**and JOHN/JANE DOE, unknown employees or**
**agents of the City of Dunbar,**

      **Defendants.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the **27th** day of **February 2024**, I filed the foregoing ***"DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT JUDGMENT AND FOR LEAVE TO FILE ANSWER OUT OF TIME"*** by utilizing the CM/ECF system which will send electronic notification of said filing to counsel as listed below:

| | |
|---|---|
| L. Dante DiTrapano, Esq. | W. Jesse Forbes, Esq. |
| Charles Bellomy, Esq. | Forbes Law Offices, PLLC |
| Calwell Luce DiTrapano, PLLC | 1118 Kanawha Blvd. East |
| 500 Randolph Street | Charleston, WV 25301 |
| Charleston, WV 25302 | *Counsel for Plaintiff* |
| *Counsel for Plaintiff* | |

                                                                  */s/ Drannon L. Adkins*
                                                                  Wendy E. Greve, WV State Bar No. 6599
                                                                  Drannon L. Adkins, WV State Bar No. 11384

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC,***
JamesMark Building
901 Quarrier Street
Charleston, WV  25301
Telephone:   (304) 344-0100
Facsimile:    (304) 342-1545