IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANTHONY REESE,

                Plaintiff,

v.                                                    CIVIL ACTION NO.   2:23-cv-00805

TODD HANNAH, et al.,

                Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendants Todd Hannah, Zachary Winters, and the City of Dunbar's ("Moving Defendants") Motion to Set Aside Entry of Default and for Leave to File Answer Out of Time, [ECF No. 11], and Plaintiff Anthony Reese's Motion to Affirm Entry of Default and Request for Evidentiary Hearing to Enter Judgment, [ECF No. 13]. For the reasons discussed below, Moving Defendants' motion is **GRANTED**, and the entry of default is **SET ASIDE**. Further, Plaintiff's motion is **DENIED as moot**.

I.      Background

Plaintiff commenced this civil action on December 21, 2023, by filing a complaint against Defendants Todd Hannah, Zachary Winters, John/Jane Doe, and the City of Dunbar ("The City"), a political subdivision of the State of West Virginia. [ECF No. 1]. The 42 U.S.C. § 1983 complaint alleges excessive force violations, as well

as outrageous conduct and civil conspiracy claims, against the individually named defendants. *Id.* at 7–8, 15–17. As to Defendant City of Dunbar, the Complaint states claims for negligent training, negligent supervision, and *Monell* liability. *Id.* at 9–13.

Defendant City of Dunbar was served on December 27, 2023, with its answer due on January 17, 2024. [ECF No. 6]. Defendants Winters and Hannah were served on December 28, 2023, with their respective answers due on January 18, 2024. [ECF Nos. 4, 5]. None of the three Moving Defendants answered by the respective deadlines. On January 26, 2024, I ordered the Clerk to enter default against Moving Defendants for failure to answer. [ECF No. 7]. The Clerk entered a default on that same date. [ECF No. 9].

On February 6, 2024, Moving Defendants filed the present Motion to Set Aside Default and for Leave to File Answer Out of Time. [ECF No. 11]. Moving Defendants explain that although the individually named defendants believed that the Complaint had been forwarded to the City of Dunbar's insurance coverage provider, there was a communications mistake, and the City did not, in fact, transmit the Complaint to the insurance carrier. [ECF No. 12, at 2]. Based on this mistaken belief, Moving Defendants ask the court to set aside its entry of default and allow them to file their answers.

Plaintiff responded in opposition. [ECF No. 15]. Plaintiff argues that "Defendants have not shown good cause for setting aside the default judgment[1]

---

[1] Although Plaintiff states multiple times throughout his response that the court should not set aside "default judgment," I find it necessary to clarify that the Clerk of Court has not entered default judgment against Moving Defendants under Rule 60 of the Federal Rules of Civil Procedure. Rather,

2

entered in this matter" because (1) their meritorious defenses are speculative and conclusory; (2) Defendants did not act with reasonable promptness; (3) Plaintiff would be prejudiced in incurring "the time, expense, and emotional stress of having to litigate a case where liability is clear;" (4) Defendants have a history of dilatory actions; and (5) no less drastic sanctions are available. *Id.* at 5.

Further, pursuant to the court's January 26, 2024, order, Plaintiff filed his own motion to affirm the entry of default and set a date and time to conduct an evidentiary hearing with respect to damages. [ECF No. 13].

## II.   Legal Standard

Rule 55(c) of the Federal Rules of Civil Procedure states that a court "may set aside entry of default for good cause." In assessing a motion to set aside an entry of default, a district court is to consider (1) whether the moving party has a meritorious defense to the action; (2) whether the moving party acted with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) any unfair prejudice to the non-moving party; (5) whether there is a history of dilatory action; and (6) the availability of sanctions less drastic. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006).

The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on

---

as directed by the court, the Clerk only entered an entry of default against Moving Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

their merits." *Colleton*, 616 F.3d at 417; *see Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969) (stating that "any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits"). As such, the "good cause" standard for setting aside an entry of default pursuant to Rule 55(c) is less onerous than the "excusable neglect" standard for setting aside a default judgment pursuant to Rule 60(b). *Colleton*, 616 F.3d at 420.

## III.  Discussion

Moving Defendants assert that the parties have been in communication but were unable to reach an agreement concerning the entry of default. [ECF No. 12, at 2]. Further, Plaintiff has responded in opposition and has requested for an entry of default judgment and an evidentiary hearing on damages. Thus, in proceeding to the merits of the motion, I find that the *Payne* factors weigh in favor of setting aside the entry of default.

### A. Meritorious Defense

"A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Thompson-Knuckles v. Thompson*, 2:18-CV-1410, 2019 WL 691405, at *2 (S.D. W. Va. Feb. 19, 2019) (quoting *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988)); *see also United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("[A]ll that is necessary to establish the existence of a meritorious defense is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party."). The underlying concern is

"whether there is some possibility that the outcome after a full trial will be contrary to the result achieved by the defendant." *Augusta Fiberglass Coatings, Inc.*, 843 F.2d at 812 (quoting 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2697, p. 531 (2d ed. 1983)) (internal markings omitted). The party may not rely solely on conclusory statements but instead must allege facts that support the existence of such defense. *Burton v. The TJX Cos.*, No. 3:07-CV-760, 2008 WL 1944033, at *3 (E.D. Va. May 1, 2008). "As applied, this standard is a low bar." *Id.* (citing *Augusta Fiberglass Coatings, Inc.*, 843 F.2d at 812).

Moving Defendants articulate what they believe to be a meritorious defense to the allegations; in particular, they state that they will likely seek a qualified immunity defense because the individuals are government officials. [ECF No. 12, at 4]. Defendants explain how a government official may be "entitled to qualified immunity when his 'conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* (citing *Taylor v. Waters*, 81 F.3d 429, 433 (4th Cir. 1996)) (internal citations omitted). Moving Defendants also suggest that they may seek other defenses, such as the intra-corporate conspiracy doctrine and the *Heck v. Humphrey* bar. [ECF No. 12, at 4–5]. In their initial motion and memorandum in support,[2] Moving Defendants did not allege facts in support of any of these other defenses. However, without expressing

---

[2] I note that Moving Defendants, in their reply brief, do allege facts with regard to a defense based on the *Heck v. Humphrey* bar. *See* [ECF No. 17, at 3–4]. As stated with the other alleged defenses, I express no opinion as to the merits of this defense but simply note that Moving Defendants allege further facts in support of their argument that they have a meritorious *Heck v. Humphrey* defense.

5

any opinion as to the likelihood of success of the qualified immunity defense, I find that the Moving Defendants have submitted a sufficient proffer of evidence indicating the existence of a meritorious defense. This factor weighs in favor of setting aside the entry of default against Defendants Hannah and Winters. Defendant City of Dunbar cannot claim qualified immunity as a defense as it is not a government official, *see Owen v. City of Indep., Mo.*, 445 U.S. 622 (1980), and the City has not pleaded facts in support of its own meritorious defense. This factor does not support setting aside default as to Defendant City of Dunbar.

## B. Reasonable Promptness

Reasonably prompt action is "gauged in light of the facts and circumstances of each occasion." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). Courts have found reasonable promptness to exist where the period between the entry of default and the subsequent motion to vacate was two weeks. *Augusta Fiberglass Coatings, Inc.*, 843 F.2d at 812; *see also Higginbotham v. Red Roof Inns, Inc.*, No. 2:18-cv-01493, 2019 WL 1670984, at *2 (S.D. W. Va. Apr. 17, 2019) (finding reasonable promptness when the party filed a motion to set aside default one week after receiving notice of the entry of default).

Plaintiff states that any of Moving Defendants' arguments that they did not know about this incident, the "potential claims, the lawsuit, or the default judgment lack credibility." [ECF No. 15, at 10]. However, Moving Defendants do not claim that they were unaware of the incident or the lawsuit. *See* [ECF No. 11]. Instead, they admit that they knew of the lawsuit but mistakenly believed that the City had

6

transmitted the Complaint to the insurance coverage provider, who would be filing an answer on their behalf. *Id.* at 2. It was only after the entry of default that Moving Defendants realized that there had been a communications issue and that their answers had not been filed. *Id.* at 5.

Here, I find that Moving Defendants acted with reasonable promptness. The return receipt indicates that the entry of default was delivered to Moving Defendants on January 29, 2024. [ECF Nos. 10, 14]. Within days of realizing the Complaint had not been forwarded to the City's insurance coverage provider, Moving Defendants retained counsel and filed the present motion to set aside default on February 6, 2024. [ECF No. 11]. This period of time is well within a reasonable range outlined by many courts.[3] I find that this factor weighs in favor of setting aside the entry of default as to all Moving Defendants.

### C. Personal Responsibility

The Court must also consider the personal responsibility of the defaulting party. *Payne*, 439 F.3d at 204–05. "[A]ny doubt as to the propriety of giving relief must be resolved in the movant's favor when the movant bears no personal responsibility for the error which led to the default." *Augusta Fiberglass Coatings, Inc.*, 843 F.2d at 811 (citing *United States v. Moradi*, 673 F.2d 725 (4th Cir. 1982)).

---

[3] Plaintiff also argues that Defendants did not act with reasonable promptness because Defendants were aware that the City had been notified of Plaintiff's intent to pursue a claim in December of 2022. [ECF No. 15, at 2, 10]. However, that is not the proper test for reasonable promptness. Instead, courts grant relief "where the defaulting party acts with reasonable diligence *in seeking to set aside the default.*" *Higginbotham*, 2019 WL 1670984, at 1 (emphasis added). Even though Defendants allegedly received notice of the potential for a lawsuit in December of 2022, the lawsuit was not actually filed until December 21, 2023. As such, Defendants acted with reasonable promptness in seeking to set aside the default.

Here, the individually named Defendants contacted the City's Chief of Police and were left "with the impression that the City had already transmitted the matter to the City's coverage provider," and the City's Clerk believed the Complaint had been transmitted as well. [ECF No. 12, at 6]. Thus, although Defendant City of Dunbar bears some responsibility for this communication mistake, there is no evidence that the individually named Defendants were personally responsible for the delay. This factor weighs in favor of setting aside the entry of default for Moving Defendants Hannah and Winters.

### D. Prejudice

Next, "delay in and of itself does not constitute prejudice to the opposing party." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 418 (4th Cir. 2010). Rather, "[t]he non-defaulting party bears the burden of showing prejudice." *Nelson v. Shrewsbury*, 2:23-cv-543, 2023 WL 7311203, at *3 (S.D. W. Va. Nov. 6, 2023) (citing *Combustion Sys. Sales, Inc. v. E. Metal Prods. & Fabricators, Inc.*, 112 F.R.D. 685, 691 (M.D.N.C. 1986)).

Plaintiff, who has the burden of showing prejudice, claims that he would suffer prejudice "if required to litigate a claim where there is clear liability." [ECF No. 15, at 14]. The liability, he alleges, is "clear" based on the allegations set forth in the Complaint and exhibits as well as the alleged history of Moving Defendants. [4]

---

[4] Notably, Plaintiff spends considerable time discussing how two of the Moving Defendants were defendants in another civil action in the Southern District of West Virginia. Plaintiff alleges here that "liability in this case is clear, as established by . . . the history of Defendants Winters and the City of Dunbar in excessive force and negligence claims, especially in the *Scott* case." [ECF No. 15, at 14]. The fact that a *different* Plaintiff alleged claims against these Defendants in a completely different

8

Plaintiff states that he would be prejudiced if forced to expend "thousands of dollars in costs for experts, depositions, trial, and other associated expenses, not to mention the passing of time that would impact the Plaintiff in a further negative manner." *Id.* at 15.

First, I do not find that such a short delay in time constitutes prejudice to the opposing party. *See Colleton Preparatory Acad., Inc.*, 616 F.3d at 418 ("[T]he issue is one of *prejudice to the adversary*, not merely the existence of delay."). Further Plaintiff cannot claim that he would be prejudiced by the costs typically associated with lawsuits because he assumed that burden when filing this lawsuit. "[A]s obvious as it may be, it bears mention that no cognizable prejudice inheres in requiring a plaintiff *to prove* a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court." *Id.* at 419 (emphasis in original). I do not find that Plaintiff has met his burden of showing prejudice, and this factor weighs in favor of setting aside an entry of default.

### E.   Dilatory Action

Plaintiff alleges that Moving Defendants failed to take steps when they knew of the claim for such a long period of time. However true that may be, the lawsuit was not filed, and Moving Defendants were not actually served, until December of 2023. Thus, there is nothing that indicates any previous history of dilatory action by any of

matter—which later settled—has absolutely no bearing on whether the entry of default should be set aside in this case. The court rejects any principle which states that a party who has been sued before must be liable now. Such principle would undermine the entirety of the litigation process as well as the role and duty of the courts. Courts instead have a strong policy in "favor of merits-based adjudication." *Colleton*, 616 F.3d at 418.

the Moving Defendants. This factor also weighs in favor of setting aside the entry of default as to all Moving Defendants.

### F. Less Drastic Sanctions

Finally, the Fourth Circuit's "extensive line of decisions" demonstrate that Rule 55 "must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)). Here, less drastic sanctions—while inappropriate in this case—are nonetheless available. *See, e.g.*, *id.* (finding an award of fees and costs is an appropriate lesser sanction when a party defaults). This factor also weighs in favor of setting aside the default for all Moving Defendants.

### IV.   Conclusion

For the foregoing reasons, Moving Defendant's Motion to Set Aside Default and for Leave to File Answer Out of Time, [ECF No. 11,] is **GRANTED**. The court **ORDERS** that the Entry of Default [ECF No. 9] against Defendants Hannah, Winters, and City of Dunbar be **SET ASIDE**. Because I am setting aside default, I **DENY as moot** Plaintiff's Motion to Affirm Entry of Default, [ECF No. 13]. Moving Defendants must answer Plaintiff's Complaint or file a Rule 12 motion within ten days from the entry of this order. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        February 29, 2024

10

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE